IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM CLOW, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>THE SYGMA NETWORK, INC.,<br><br>    Defendant. | No. 1:22-cv-1094 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d), 1141, and 1146, Defendant The SYGMA Network, Inc. ("Defendant") hereby provides notice of removal of this action from the Circuit Court for the Fifth Judicial Circuit, Vermilion County, Illinois, to the United States District Court for the Central District of Illinois. In support of this Notice of Removal, Defendant states as follows:

**I.  Plaintiff's Complaint**

1.  On January 18, 2022, Plaintiff William Clow filed a putative class action complaint against Defendant in the Circuit Court of the Fifth Judicial Circuit, Vermilion County, Illinois, captioned *William Clow v. The Sygma Network, Inc.,* No. 2022LA000004 (the "State Court Action").

2.  On February 25, 2022, Defendant was served with a copy of the Complaint and Summons in the State Court Action.

3.  This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days of the date the Defendant was served with the initial pleading.

4.  Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been filed and served in the State Court Action are attached hereto as **Exhibit 1.**

5.     Plaintiff alleges that Defendant violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA") through the use of fingerprint software on employees for timekeeping purposes. (Ex. 1 ("Compl."), ¶¶ 2, 11, 33-40). Specifically, Plaintiff alleges that Defendant violated: (1) 740 ILCS 14/15(a) by failing to make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data and failing to actually adhere to that retention schedule and actually delete the biometric information; (2) 740 ILCS 14/15(b)(1)-(3) by failing to inform Plaintiff and the Class in writing that their biometric identifiers were being collected, stored, used and disseminated; failing to inform Plaintiff and the Class in writing of the specific purpose and length of time for which their biometrics were being collected, stored, used and disseminated and; by failing to obtain written releases; and (3) 740 ILCS 14/15(d)(1) by failing to obtain consent to disclose the Plaintiff's and the Class' biometrics to third parties. (Compl. ¶¶ 65-92). Plaintiff alleges that these alleged violations were done "intentionally, recklessly or negligently." (Compl. ¶¶ 73, 83, 92).

6.     Plaintiff seeks to represent a putative class of "[a]ll individuals working for Defendant in the State of Illinois who had their biometric identifiers and/or biometric information as defined by BIPA 740 ILCS 14/10 collected, captured, received, or otherwise obtained, maintained, stored or disclosed by Defendant during the applicable statutory period." (Compl. ¶ 55).

7.     Plaintiff seeks "declaratory relief," "injunctive and equitable relief," "statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1)," "reasonable attorneys' fees and costs and other litigation expenses," and "pre- and post-judgment interest." (Compl., Prayer for Relief).

**II.  Class Action Fairness Act Jurisdiction Pursuant to 28 U.S.C. § 1332(d)**

8. The Seventh Circuit holds there is Article III jurisdiction over BIPA claims like the ones Plaintiff brings in this case. *See Bryant v. Compass Group USA, Inc.*, 958 F.3d 617 (7th Cir. 2020) (holding there is Article III jurisdiction over Section 15(b) claims); *Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146, 1154-55 (7th Cir. 2020) (holding there is Article III jurisdiction over claims under Section 15(a) of BIPA where plaintiff alleges unlawful retention of data.)[1].

9. Removal is proper under 28 U.S.C. § 1332(d) because the United States District Courts have original jurisdiction over any class action: (i) involving a putative class of 100 or more members; (ii) where at least one member of the plaintiff class is a citizen of a State different from any defendant; and (iii) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5 million, exclusive of interests and costs. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("CAFA's provisions should be read broadly.").[2] Here, all three conditions are satisfied.

10. There are over 600 people who used a finger-scan timeclock in the State of Illinois while performing work for Defendant during the period starting 5 years prior to the filing of the Complaint in the State Court Action.

---

[1] Section 15(a) requires destruction "when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a). Plaintiff alleges that Defendant failed to maintain retention schedules and guidelines for permanently destroying biometric data and has not and will not destroy such data when the initial purpose has been satisfied or within three years since the individual's last interaction with Defendant. (Compl. ¶ 72.).

[2] By arguing that this matter is removable under 28 U.S.C. § 1332(d), Defendants do not waive any argument that this matter is improper for class certification and all such arguments are expressly reserved.

4870-2685-9288.2

11. Accordingly, the class involves 100 or more members as required by 28 U.S.C. § 1332(d)(5)(B).

12. According to the allegations in the Complaint, Plaintiff is a former resident of Illinois. (Compl. ¶ 10). Upon information and belief, Plaintiff is currently a resident of Indiana.

13. Defendant is a Delaware corporation with its principal place of business in Columbus, Ohio.

14. Because, upon information and belief, Plaintiff is a citizen of Indiana and Defendant is a citizen of Delaware and Ohio, at least one member of the class of Plaintiffs is a citizen of a State different from one Defendant as required by 28 U.S.C. § 1332(d)(2)(A).

15. Because Defendant is not a citizen of the State in which the action was originally filed, removal is proper under 28 U.S.C. §§ 1332(d)(3)-(4).

16. For purposes of assessing the amount in controversy, Plaintiff's allegations are accepted as true. *See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (noting it does not matter, for purposes of the amount in controversy, that "the complaint discloses the existence of a valid defense to the claim").

17. Plaintiff alleges that Defendant committed at least three BIPA violations with respect to Plaintiff and each other member of the putative class. (Compl. ¶ 65-92). Plaintiff further alleges that Defendants committed each of these violations "willfully and/or recklessly" and seeks statutory damages of $5,000 for each such willful or reckless violation. (Compl. ¶¶ 73, 83, 92; Prayer for Relief). In addition, Plaintiff seeks "declaratory relief," "injunctive and equitable relief," and "reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3)." (Compl., Prayer for Relief).

4870-2685-9288.2

18. Because Plaintiff is seeking statutory damages of up to $5,000 for each alleged violation, in addition to attorneys' fees and unspecific injunctive and equitable relief and the number of persons within the class 600 persons, the amount in controversy exceeds $5,000,000 as required by 28 U.S.C. § 1332(d)(2). Multiplying $5,000 by 3 alleged violations and then by at least 600 people equals $9,000,000.

19. This matter satisfies all the requirements of 28 U.S.C. § 1332(d) and is therefore removable under the Class Action Fairness Act of 2005.

### III. Venue

20. Venue is proper in the Central District of Illinois because the State Court Action is pending within the jurisdictional confines of this Court. 28 U.S.C. § 1446(a).

21. Defendant will provide written notice of the filing of this Notice of Removal to Plaintiff and the Circuit Court of Cook County.

### IV. Reservation of Rights and Defenses

22. Defendant hereby reserves all of its defenses and rights, and none of the foregoing shall be construed as in any way conceding the truth of any of Plaintiff's allegations or waiving any of Defendant's defenses. *See Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) ("[T]he fact that Defendant removed the case does not mean that Defendant concedes that Plaintiff has adequately alleged appropriate damages."); *see also Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal.")

WHEREFORE, Defendant The SYGMA Network, Inc. hereby removes this civil action to this Court on the bases identified above.

Dated: March 25, 2022

THE SYGMA NETWORK, INC.,

By: /s/ Bonnie Keane DelGobbo
Bonnie Keane DelGobbo (bdelgobbo@bakerlaw.com)
**BAKER & HOSTETLER LLP**
One North Wacker Drive, Suite 4500
Chicago, Illinois 60606-2841
Telephone: (312) 416-6200

*Counsel for Defendant The SYGMA Network, Inc.*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that she caused a true copy of the foregoing **Notice of Removal** to be served on counsel of record via email on March 25, 2022:

Ryan F. Stephan
Megan E. Shannon
**STEPHAN ZOURAS, LLP**
100 N. Riverside Plaza, Suite 2150
Chicago, Illinois 60606
312.233.550
jzouras@stephanzouras.com
rstephan@stephanzouras.com
mshannon@stephanzouras.com

David Neiman
Blake Kolesa
**ROMANUCCI & BLANDIN**
321 North Clark Street Suite 900
Chicago, Illinois 60654
T: 312.626.7614
dneiman@rblaw.net
bkolesa@rblaw.net

Miranda L. Soucie, No. 6304049
**Spiros Law, P.C.**
2807 N. Vermilion, Suite 3
Danville, IL 61832
Telephone: 217.443.4343
msoucie@spiroslaw.com

/s/ *Bonnie Keane DelGobbo*

4870-2685-9288.2